UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DEBORAH TYE,

        Plaintiff

v.                                            Civil Action No. 2:05cv190

COSTCO WHOLESALE,

DAVID JACKSON,

and

STUART VIOLETTE,

        Defendants.

### ORDER AND OPINION

        Currently before the court is plaintiff's motions to join additional defendants and to remand, and defendant Costco's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), filed with attached supporting exhibits. The court has considered the briefs and record, and has weighed the oral argument in determining whether it possesses subject matter jurisdiction over plaintiff's claim. For the reasons stated below, the plaintiff's motions to join defendants Jackson and Violette and to remand are **GRANTED**. The defendant Costco's motion to dismiss is therefore **MOOT**.

**I.**         **Factual Background**

        Plaintiff Deborah Tye is an optician who was employed in defendant Costco Wholesale's

1

("Costco") Norfolk, Virginia store. Costco operates a national chain of wholesale stores. On or about November 5, 2004, defendant David Jackson, one of plaintiff's supervisors at the Norfolk store, instructed his assistant to suspend plaintiff indefinitely. The suspension lasted for seven days, after which, on or about November 12, 2004, Costco terminated plaintiff, citing improper workplace behavior. According to Costco, plaintiff had followed a customer around the store and harassed him after the customer complained about plaintiff to another employee.

## II.   Procedural History

On March 4, 2005, plaintiff filed a Motion for Judgment in the Circuit Court for the City of Chesapeake. In her complaint, plaintiff alleges breach of employment contract and intentional infliction of emotional distress. Plaintiff cites a pattern of harassment by her supervisors, including unwarranted criticism, false accusations, and ultimately, termination. Plaintiff contends that her employment with Costco was governed by an employee handbook, that the handbook constituted a valid contract of employment, and that Costco breached the contract by terminating her for an offense which was not among those enumerated in the handbook as cause for dismissal. Plaintiff further contends that Costco subjected her to such harassment as to cause her severe psychological injury. Plaintiff requests damages in the amount of $501,000 for breach of contract and intentional infliction of emotional distress.

On March 31, 2005, Costco removed the case to federal court, on the basis of diversity jurisdiction, as the amount in controversy is more than $75,000 and Costco is incorporated in the state of Washington, where it has its principal place of business. Plaintiff is domiciled in Virginia. On April 4, 2005, Costco moved to dismiss the claim pursuant to Rule 12(b)(6), for

failure to state a claim for which relief could be granted. Plaintiff filed her response to Costco's motion on April 14, 2005. On April 22, 2005, plaintiff moved to join two additional, non-diverse defendants, and at the same time to remand the case back to state court on the basis that complete diversity no longer existed. Costco filed an opposition to plaintiff's motion for joinder of non-diverse defendants on April 28, 2005. The additional parties that plaintiff seeks to join as defendants are David Jackson and Stuart Violette, two of plaintiff's supervisors at Costco's Norfolk store. Both Jackson and Violette are domiciled in the Commonwealth of Virginia, and therefore their inclusion as co-defendants would result in a lack of complete diversity and a lack of subject matter jurisdiction in federal court. Plaintiff alleges that it was their harassing behavior that resulted in her injuries, and therefore that because they could be held liable for intentional infliction of emotional distress, they may be properly joined as co-defendants.

On June 1, 2005, this court held a hearing to consider plaintiff's motions for joinder and remand and Costco's motion to dismiss. The court took these issues under advisement, and is now prepared to rule on the motions.

**III.   Standard of Review**

Because the rules governing removal to federal court based on diversity jurisdiction are more narrow than those governing cases originally brought in federal court, this court is forced to answer the question of whether or not joinder of two non-diverse defendants will serve to defeat diversity jurisdiction and force remand to the state court. If jurisdiction is predicated on diversity and not on a federal question, a state court "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action

3

is brought." 28 U.S.C. § 1441(b).  Under 28 U.S.C. § 1447(e), "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."  This court must therefore determine whether Stuart Violette and David Jackson are real parties in interest to plaintiff's claim.  If they are, this court has no jurisdiction over the dispute and must remand the case for adjudication in state court.

Federal law forms the basis for diversity jurisdiction in federal courts.  See 28 U.S.C. § 1332.  When a case is filed in state court and opposing parties do not share common citizenship, a defendant is entitled to remove the case to federal court.  28 U.S.C. § 1441(b).  Ordinarily, if a case is remanded back to state court the defendant forever loses his right to a federal forum as well as any possibility of a review of the court's decision to remand.  See 28 U.S.C. § 1447(d).  Federal courts, therefore, must exercise some caution in deciding to remand a case for lack of complete diversity, as the possibility of depriving a defendant of his statutory right to a federal forum is substantial.  See e.g., Semtek Int'l, Inc. v. Lockheed Martin Corp., 988 F.Supp. 913, 914-15 (D. Md. 1997).  "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals."  Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906).  This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and will only remand if it is clear that jurisdiction is improper at the federal level.

Plaintiff contends that Costco bears the heavy burden of proving fraudulent joinder. Fraudulent joinder is a doctrine created by judges that enables them to decide cases in which complete diversity does not exist.  The doctrine permits a federal judge to disregard non-diverse

4

parties to the claim, thereby creating subject matter jurisdiction for the federal court even in the absence of complete diversity.  Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999).  "In order to establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: '[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.3d 545, 549 (5th Cir. 1981) (emphasis in original)).

However, where, as here, the plaintiff seeks to join additional non-diverse defendants after the defendant has removed the case to federal court and before any significant discovery has begun, the court is entitled to consider a host of factors in deciding whether to permit joinder and remand.  In fact, this court may consider "all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'"  Mayes, 198 F.3d at 462 (quoting Coley v. Dragon Ltd., 138 F.R.D. 460, 465 (E.D. Va. 1990)).  Other factors that may be considered include the defendant's statutory right to a federal forum and the possibility of parallel suits in federal and state courts, which implicates judicial inefficiency along with the danger of inconsistent results.  See McCaulley v. Purdue Pharma, L.P., 172 F.Supp.2d 803, 806 (W.D. Va. 2001); Coley, 138 F.R.D. at 465.

This court must determine, therefore, whether plaintiff's motion to join additional defendants was motivated solely out of a desire to defeat diversity jurisdiction.  If it so finds, then

5

it is proper to deny plaintiff's motion to join and to remand. If, however, this court determines that plaintiff has a reasonable chance of succeeding on her claim against Jackson and/or Violette, then this court must remand the case for consideration in state court.

## IV. Discussion

In determining whether joinder is proper, this court is guided by the factors outlined by the Fourth Circuit in <u>Mayes</u>, 198 F.3d at 462.

A. Destroying Diversity

As an initial matter, this court approaches plaintiff's motion with some suspicion. As noted by Costco in its motion in opposition of joinder, the timing of the matter raises a red flag that plaintiff's sole desire is to defeat this court's diversity jurisdiction and force remand to the state court. After Costco had filed notice of removal to federal court, and before any discovery had begun in the matter, plaintiff filed the instant motion to join Jackson and Violette, and to remand to the state level as a result of a lack of complete diversity between parties. In certain circumstances, such as where the plaintiff has suddenly learned of the existence of an additional essential defendant, this chain of events might not be suspicious. However, plaintiff does not dispute that she knew of the existence of both Jackson and Violette before she filed her motion for judgment in state court. In fact, Jackson was mentioned in the initial complaint, as he had directed his assistant to suspend plaintiff, after which she was terminated. Both Violette and Jackson were supervisors of plaintiff during her time of employment with Costco, and it is their behavior that plaintiff claims resulted in her psychological breakdown. Clearly, then, plaintiff knew of the existence of both Jackson and Violette and knew of the possibility of a claim for

damages against them at the time she filed her initial complaint.

As the factors listed by the court in Mayes make clear, though, if the plaintiff seeking to join non-diverse defendants can demonstrate a reason for doing so beyond defeating diversity, the court should take that into consideration. Mayes, 198 F.3d at 462. At the hearing that this court held on this matter, plaintiff's attorney asserted that it was only after further consultation with his client that it became clear of the role that Jackson and Violette played in the infliction of emotional distress that plaintiff alleges. Plaintiff's motion for judgment was filed against Costco based on her attorney's initial belief that Costco was the party likely to be held liable for the damages to plaintiff. Plaintiff's attorney, however, asserts that it was only after further investigation into the circumstances surrounding plaintiff's claim that it became apparent that Jackson and Violette had played significant roles in causing psychological injury to plaintiff, and that under certain scenarios a court could find them liable to her. Plaintiff's attorney, therefore, was fulfilling his client's request that Jackson and Violette be added as defendants, not simply waiting to see if the case was removed to federal court before adding non-diverse "sham" defendants.

Further evidence in favor of the notion that plaintiff's has a cognizable claim against Jackson and Violette is adduced from plaintiff's motion for judgment.[1] Plaintiff's second claim,

---

[1] The court notes that plaintiff had not amended her complaint to reflect her claim of intentional infliction of emotional distress against Jackson and Violette. However, because it is clear from plaintiff's filings with the court that she alleges that the tortious behavior attributed to Costco in her motion for judgment is also attributable to Jackson and Violette, the court will construe her claim for intentional infliction of emotional distress as brought against Costco, Jackson, and Violette. The court assumes that plaintiff will request leave of the Chesapeake Circuit Court to amend her Motion for Judgment to comply with the allegations as alleged by plaintiff against the individual defendants.

for intentional infliction of emotional distress, although brought exclusively against Costco, alleges that David Jackson permitted a customer to threaten plaintiff, which ultimately led to Costco's termination of plaintiff's employment. As noted in the discussion of *respondeat superior*, whether Costco would be held liable for the actions of its employees is a question of fact that a jury must answer. Clearly the implication of plaintiff's claim of intentional infliction of emotional distress is not that Costco as a corporate entity committed a tortious act but that Costco by and through its employees, including David Jackson and Stuart Violette, caused plaintiff injury.

This court is persuaded, then, that plaintiff's motion to join the two additional, non-diverse defendants was not motivated solely out of a desire to force remand to the state court, but that the increased understanding of the depth of plaintiff's psychological injuries motivated the joinder at this stage in the litigation.

B.    Dilatory Nature of Motion

Although Mayes has spelled out the rule that courts should be cautious in dealing with a motion to join non-diverse defendants filed after a defendant has removed a case to federal court, this court is satisfied that the timing in the instant case was not the result of a calculated effort by plaintiff to defeat Costco's right to a federal forum, but by the developing scope of plaintiff's injuries. In response to pointed questioning during the hearing on this matter, plaintiff's attorney admitted candidly that the timing of plaintiff's motion made it appear suspicious, but held firmly to the assertion that the extent of plaintiff's injuries, which were not known at the time of the original complaint, had become more apparent, necessitating the joinder of both Jackson and Violette, in recognition of their significant role in causing the psychological trauma of which

plaintiff complains. This factor therefore does not weigh against plaintiff.

C.        Significant Injury to Plaintiff

The possibility of significant injury to plaintiff should this court deny her request for joinder stems from the potential for a jury to determine that Costco is not liable for the acts of its employees, Jackson and Violette. Central to this is the doctrine of *respondeat superior*, which in Virginia has long been applied to hold employers liable for the tortious acts committed by employees acting within the scope of their employment. See, e.g., Kensington Associates v. West, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987); Davis v. Merrill, 133 Va. 69, 74, 112 S.E. 628, 630 (1922).

"Generally, an act is within the scope of the employment if (1) it was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed, although mistakenly, or ill-advisedly, with the intent to further the employer's interest, or from some impulse or emotion that was the natural consequence of an attempt to do the employer's business." Kensington Associates, 234 Va. at 432, 362 S.E.2d at 901. The doctrine of *respondeat superior* even extends to situations in which an employee has committed an intentional, even criminal, tortious act which clearly would not have been contemplated by the employer as being within the scope of employment, but which nonetheless was performed incident to the employment and even facilitated thereby. In such cases, courts have considered whether the employee deviated from the scope of his employment because of an "external, independent, and personal motive . . . to do the act upon his own account." Broaddus v. Standard Drug Co., 211 Va. 645, 653, 179 S.E.2d 497, 504 (1971) (quoting Davis, 133 Va. at 77, 112 S.E. at 631).

The motive of the employee in committing the act complained of is not, however, determinative of whether the act took place within the scope of the employment relationship. Commercial Bus. Sys., Inc. v. BellSouth Services, Inc., 249 Va. 39, 45, 453 S.E.2d 261, 266 (1995). Yet the employee's motive is a factor to be considered, and unless the deviation from the employer's business is slight on the one hand, or marked and unusual on the other hand, the question of whether the act was done within the scope of employment is one of fact for a jury. Gina Chin & Associates, Inc. v. First Union Bank, 260 Va. 533, 543-44, 537 S.E.2d 573, 578 (2000); McNeill v. Spindler, 191 Va. 685, 695, 62 S.E.2d 13, 18 (1950).

Thus, where a hotel bellhop shot an acquaintance during a dispute over a personal debt while on duty, it was held that the hotel was not liable for the injuries. Cary v. Hotel Rueger, Inc., 195 Va. 980, 987, 81 S.E.2d 421, 424 (1954). In so holding, the Virginia Supreme Court noted that it was the purely personal nature of the bellhop's dispute that prevented the hotel from being held liable. Id. at 986. But where a psychologist had sexual intercourse with a client during a counseling session, the court ruled that it was a jury question whether he had been acting within the scope of his employment. Plummer v. Center Psychiatrists, Ltd., 252 Va. 233, 238, 476 S.E.2d 172, 175 (1996).

The facts of the instant case more closely resemble Plummer than they do Cary. Plaintiff alleges that Costco subjected her to repeated, systematic harassment, including "undocumented complaints, groundless unfair criticism . . . false accusations and the malicious spreading of insidious and defamatory innuendo about [p]laintiff . . .." Plaintiff's Motion for Judgment, ¶ 5. That plaintiff was referring to behavior by Costco's employees rather than by the corporation itself is apparent from the substance of the allegations. In seeking to add Jackson and Violette,

plaintiff asserts that it was their behavior while supervising her at work that caused the injuries for which she seeks relief.

A reasonable argument could be made that a supervisor is expected to discipline an employee and that the charges, if true, are simply evidence of an overzealous supervisor, intent on pleasing the company for which he works. However, an argument just as reasonable could be made to oppose this interpretation. From that perspective, the behavior of Jackson and Violette was the product of a personal vendetta against plaintiff, and the fact that the harassing behavior took place at their place of employment has no bearing on whether it was carried out in the scope of their employment. Plainly, whether plaintiff can recover against Jackson and/or Violette hinges on whether or not they were acting within the scope of their employment when they committed the alleged tortious conduct. If they were acting within the scope of their employment, then Costco is responsible for their tortious acts and they are not necessary as defendants. Only if they were acting outside the scope of their employment can they be held liable for their actions.

That there is no clear answer at this stage of the proceedings as to whether Jackson and Violette were acting within the scope of their employment is evidence that the question is one of fact for a jury to decide. See Gina Chin & Associates, Inc., 260 Va. 533 at 543-44, 537 S.E.2d at 578. Were this court to reject plaintiff's motion for joinder and a trial jury to decide that Costco was not liable for the acts of its employees because they were acting outside the scope of their employment, plaintiff would clearly have suffered significant injury, as she would have lost the opportunity to recover against Jackson and Violette in her initial claim.

Costco, in its motion to dismiss, argues that plaintiff cannot succeed on a claim of

intentional infliction of emotional distress because she has alleged neither severe emotional distress nor actual physical injury. See Dixon v. Denny's, Inc., 957 F.Supp. 792, 796 (E.D. Va. 1996) (stating that "verifiable evidence of severe emotional distress" is required under Virginia law to sustain a claim for intentional infliction of emotional distress). Although Costco is correct that plaintiff has not alleged any physical injury sustained, plaintiff did allege that Costco's actions resulted in extreme emotional distress to her, causing her to require psychiatric care. In certain circumstances, Virginia law permits a plaintiff to recover on such a claim even without any physical injury, provided that a jury concludes that the defendant's conduct is: (1) reckless or intentional; (2) outrageous and intolerable; (3) causally connected to the plaintiff's injuries; and (4) the cause of severe emotional distress to plaintiff. Womack v. Eldridge, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). In situations such as the instant case, the question of whether a defendant's conduct meets this standard is properly one for a jury. Id. Because plaintiff has demonstrated the possibility of succeeding on a claim against Jackson and Violette, this factor weighs in favor of plaintiff.

D.      Other Factors

While plaintiff could potentially suffer significant injury by the denial of her motion to join the non-diverse defendants, the same cannot be said for Costco should this court grant plaintiff's motion. Although removal to federal court is a statutory right granted to defendants who meet the diversity requirements, there exists no conclusive proof that the defendant in this case is entitled to the federal forum.

It is therefore apparent that, under the rubric of Mayes, plaintiff is entitled to join the additional defendants, David Jackson and Stuart Violette. As the presence of these non-diverse

defendants will destroy diversity in this case, this court no longer has subject matter jurisdiction over this dispute, and therefore must remand the case for consideration in the Circuit Court for the City of Chesapeake.

**V.     Conclusion**

For the reasons stated on the record, and for those discussed above, pursuant to 28 U.S.C. § 1447(e), the court **GRANTS** the plaintiff's motions to join additional defendants Jackson and Violette and to remand, and this matter is **REMANDED** to the Chesapeake Circuit Court. Defendant Costco's pending motion to dismiss is rendered **MOOT**.

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record for both parties and to facilitate the expeditious remand of this case to the Chesapeake Circuit Court.

It is so **ORDERED**.

/s/<br>
Jerome B. Friedman<br>
UNITED STATES DISTRICT JUDGE

June ___, 2005
Norfolk, Virginia